JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-9251 PA (JCx) | Date | January 3, 2023 |
|---|---|---|---|
| Title | Boris Tripolskiy v. Boston Scientific Corporation, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali Suleyman | Marea Woolrich | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Daniel Infuso (video) | Monee Hanna (video) |

**Proceedings:** STATUS CONFERENCE by ZOOM

Court and counsel confer concerning the Notice of Removal filed by defendant Boston Scientific Corporation ("Defendant"). (Docket No. 1.) Defendant alleges that this Court possesses jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 & 1332. On January 3, 2023, the Court held a conference with counsel for the parties to determine whether federal jurisdiction over this action exists. For the reasons stated below, the Court finds that Defendant has failed to plausibly allege that the Court has subject matter jurisdiction over this action.

In its Notice of Removal, Defendant argues that the Court possesses federal jurisdiction over this action for three reasons. First, Defendant asserts that Plaintiff's state law claims are either impliedly or expressly preempted by the Medical Device Amendments (MDA) to the federal Food Drug and Cosmetic Act (FDCA) because "[t]his lawsuit concerns allegations of a Class III medical device" that is "governed by the [MDA]." (Docket No 1. ¶ 20.) Second, Defendant argues that the Court has federal question jurisdiction because Plaintiff alleges that Defendant violated 21 U.S.C. §§ 331(a), 333(a)(2), and applicable FDA regulations, as the basis for one of Plaintiff's negligence per se claims. (Docket No. 1 ¶ 23.) Third, Defendant asserts that the Court has diversity jurisdiction over this action because "the amount in controversy exceeds $75,000" and because Defendant "is a Delaware corporation with its principal place of business in Massachusetts" and Plaintiff "is an individual residing in Los Angeles County, California." (Docket No. 1 ¶¶ 7–10, 15; Docket No. 1-1 ¶¶ 1–2.)

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by Congress and the Constitution. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. Id. § 1447(c). "The burden of establishing federal jurisdiction is on the party

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-9251 PA (JCx) | Date | January 5, 2023 |
|---|---|---|---|
| Title | Boris Tripolskiy v. Boston Scientific Corporation, et al. | | |

seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "in order for a complaint to state a claim 'arising under' federal law, it must be clear from the face of the plaintiff's well-pleaded complaint that there is a federal question." Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). However, even if a complaint solely asserts state law claims on its face, removal jurisdiction may still be appropriate if federal law completely preempts one of the plaintiff's state law claims. See Skillin v. Rady Children's Hosp., No. 14-CV-01057-BAS BLM, 2015 WL 4715018, at *4 (S.D. Cal. Aug. 7, 2015) ("Only complete preemption provides a basis for federal question removal jurisdiction." (citing Marin Gen. Hosp. v. Modesto & Empire Traction Co., 581 F.3d 941, 944–46 (9th Cir.2009))); Coria v. Recology, Inc., 63 F. Supp. 3d 1093, 1096 (N.D. Cal. 2014) ("[E]ven when only state law claims have been pled, complete pre-emption is a sufficient basis for removal." (internal quotations omitted)). Unlike complete preemption, neither express nor implied preemption, on their own, are sufficient to confer removal jurisdiction. See Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc., 121 F. Supp. 3d 950, 962 (C.D. Cal. 2015) ("'Express' preemption, unlike 'complete preemption,' does not confer federal question removal jurisdiction." (internal quotations omitted)); In re W. States Wholesale Nat. Gas Antitrust Litig., 346 F. Supp. 2d 1123, 1137 (D. Nev. 2004) ("Even if [] field preemption [or] conflict preemption . . . may be a central defense to this action, as federal defenses they are insufficient to support removal jurisdiction.").

The jurisdictional doctrine of complete preemption "arises only in 'extraordinary' situations" and the Supreme Court has "identified only three federal statutes that satisfy" its complete preemption test. Ansley v. Ameriquest Mortg. Co., 340 F.3d 858, 861–62 (9th Cir. 2003) (section 502 of the Employee Retirement Income Security Act, section 301 of the Labor Management Relations Act, and the usury provisions of the National Bank Act). The complete preemption doctrine applies where the "preemptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" Caterpillar, 482 U.S. at 393 (quoting Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 65, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987)). Thus a defendant seeking removal on the basis of preemption must show that the resolution of a federal question "is essential to each of [plaintiff's] alternative theories in support of any [ ] cause[ ] of action in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-9251 PA (JCx) | Date | January 5, 2023 |
|---|---|---|---|
| Title | Boris Tripolskiy v. Boston Scientific Corporation, et al. | | |

complaint." Duncan, 76 F.3d at 1486.  And "if a single state law based theory of relief can be offered for each of the . . . causes of action in the complaint, then the exercise of removal jurisdiction was improper." Id.

Here, Defendant argues that § 360k(a) of the MDA expressly preempts state law claims that seek to impose any requirements different than federal law, as well as impliedly preempts state law claims that seek to enforce federal law.  (Id. ¶ 21.)  However, Defendant fails to demonstrate that the MDA completely preempts Plaintiff's state law claims.  Nowhere in Defendant's Notice of Removal does Defendant even argue that the MDA completely preempts Plaintiff's state law claims, let alone plausibly allege that an MDA violation is essential to each of Plaintiff's alternative theories in support of his claims.  Therefore, Defendant has failed to establish that removal is proper on the basis of complete preemption.[1]

Defendant also argues that the Court has federal question jurisdiction because Plaintiff bases one of his negligence per se claims on Defendant's alleged violation of 21 U.S.C. §§ 331(a), 333(a)(2), and applicable FDA regulations.  (Docket No. 1 ¶ 23.)  "[I]n certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005).  However, "[f]ederal jurisdiction over a state-law claim is not created just because a violation of federal law is an element of the state law claim." Wander v. Kaus, 304 F.3d 856, 859 (9th Cir.2002).  Rather, "the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable, 545 U.S. at 314.  The federal issue raised must be "a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." Id. at 313.

Here, aside from some conclusory statements, Defendant has not demonstrated that Plaintiff's negligence per se claim necessarily raises a federal issue that is "actually disputed and substantial." Id. at 314.  Thus, Defendant has not met its burden of establishing federal question jurisdiction.

---

[1] Moreover, with respect to the MDA, common-law claims are not necessarily preempted by 21 U.S.C. § 360k(a).  See Medtronic, Inc. v. Lohr, 518 U.S. 470, 495 (1996) ("Nothing in [21 U.S.C.] § 360k denies Florida the right to provide a traditional damages remedy for violations of common-law duties when those duties parallel federal requirements.").

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-9251 PA (JCx) | Date | January 5, 2023 |
|---|---|---|---|
| Title | Boris Tripolskiy v. Boston Scientific Corporation, et al. | | |

    Finally, Defendant argues the Court possesses diversity jurisdiction over this action. In attempting to invoke this Court's diversity jurisdiction, Defendant must plausibly allege that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332; see also Academy of Country Music v. Continental Cas. Co., 991 F.3d 1059, 1068 (9th Cir. 2021). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the place they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

    Here, Defendant asserts that the parties are diverse because Defendant is "is a Delaware corporation with its principal place of business in Massachusetts" and Plaintiff pled in his Complaint that he "is an individual residing in Los Angeles County, California." (Docket No. 1 ¶¶ 7–10; Docket No. 1-1 ¶¶ 1–2.) However, an individual's citizenship is "determined by her state of domicile, not her state of residence." Kanter, 265 F.3d at 857. Therefore, Defendant has failed to adequately demonstrate the citizenship of Plaintiff and, as a result, has failed to meet its burden to invoke the Court's diversity jurisdiction. See id. ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties.")

    For the foregoing reasons, the Court concludes that Defendant's Notice of Removal has failed to establish the existence of either federal question or diversity jurisdiction over this action. The Court therefore remands this action to Los Angeles County Superior Court, case number 22STCV37602. See 28 U.S.C. § 1447(c). Defendant's pending Motion to Dismiss (Docket No. 10) is denied as moot.

    IT IS SO ORDERED.

| | : | 11 |
|---|---|---|
| Initials of Deputy Clerk | | KSS |